**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kao Y.,

Petitioner,

v.

**ORDER GRANTING WRIT OF HABEAS CORPUS**
Civil File No. 26-01403 (MJD/DJF)

Kristi Noem, et al.,

Respondents.

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Counsel for Petitioner.

David W. Fuller, Assistant United States Attorney, Counsel for Respondents.

---

## I. INTRODUCTION

This matter is before the Court on Petitioner Kao Y.'s petition for writ of habeas corpus filed on February 12, 2026 ("Pet."). (Doc. 1.) Petitioner asserts he is being held in detention in violation of the law. Petitioner seeks a writ of habeas corpus requiring, among other things, that Respondents immediately release him from custody into Minnesota.

## I. FACTS

Petitioner came to the United States in 1983 at the age of 17 as a refugee from Laos because the Hmong ethnic minority in that country was targeted by

the government of Laos for their support of American troops during the Vietnam War. (Pet. ¶ 1.) Petitioner became a lawful permanent resident, retroactive to the date of his entry. (Id. ¶ 2.)

However, in 2004, Petitioner was ordered removed following 2001 felony convictions in Wisconsin for second degree sexual assault of a child (under 16) and child enticement, causing a child to engage in prostitution. (Id.; Doc. 3 at 1-2.)

After serving his sentence, Petitioner could not be removed within 90 days as required by law because Laos would not accept individuals for repatriation, especially Hmong deportees. See 8 U.S.C. § 1231(a)(1)(A); (Pet. ¶ 2). Therefore, Petitioner was released on an order of supervision requiring annual check-ins with INS and then with ICE. See 8 C.F.R. § 241.13; (Pet. ¶ 2.) Petitioner has complied with this order for 21 years. (Pet. ¶ 2; Doc. 3 at 2.)

On the morning of December 28, 2025, Petitioner was arrested outside a grocery store when ICE agents swarmed his car, pulled him out, and handcuffed him. (Pet. ¶ 5; Doc. 11-1 ("Gov. Ex. A") at 2.) The parties dispute whether his arrest was targeted or if it was just by happenstance that agents came upon

Petitioner. (Pet. ¶ 5; Gov. Ex. A at 2.) Agents did not present a warrant or any other paperwork at the time they arrested Petitioner. (Pet. ¶¶ 6, 62.)

At 11:00 that morning, when Petitioner was already in ICE custody, Respondents served him with a "Notice of Revocation of Release" that was dated December 28, 2025 at 10:51 a.m. (Doc. 11-2 ("Gov. Ex. B") at 1-2.) The notice stated that the decision to revoke Petitioner's supervised release was made

> based on a review of your file and/or your personal interview on account of changed circumstances in your case. ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future in your case.
>
> On or about March 04, 2004, you were issued a Notice to Appear, Form I-862. On June 01, 2004, an immigration judge in Fort Snelling, MN ordered you removed from the United States to Laos. On October 1, 2004, ICE officials released you from custody under the Intensive Supervision Appearance Program (ISAP). On July 10, 2006, ISAP was terminated and you were placed on an Order of Supervision, Form I-220B. Since being released, removal from the U.S. is now significantly likely in the reasonably foreseeable future. Based on changed circumstances in your case you will be brought back into ICE custody.

(Id. at 1.) The notice does not provide any description of the "changed circumstances." (Id.) Petitioner was informally interviewed the same day and Petitioner stated that he did not want to return to Laos. (Id. at 3 ("Alien Informal Interview" form).)

Petitioner is currently in custody in the Freeborn County Jail in Albert Lea, Minnesota. (Pet. ¶ 15.)

On February 12, 2026, Petitioner filed this petition for habeas corpus. (Doc. 1.) On February 14, 2026, the Court ordered Respondents to respond to Petitioner's petition by February 16 and to file "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. 4 ¶ 3.) On February 16, the Court denied Respondents' motion for a 3-day extension to file their response. (Doc. 8.) On February 17, 2026, Respondents ignored the Court's order and filed their response and accompanying declaration and exhibits anyway. (Docs. 10, 11, 11-1, 11-2.) The declaration of Deportation Officer William J. Robinson states, "On February 2, 2026, ICE obtained a travel document for YANG to be repatriated to Laos. ICE is working on scheduling a charter flight in this matter." (Doc. 11 (Robinson Decl.) ¶ 13.) No travel document was submitted into evidence. Petitioner filed a reply asserting, in part, that the Court should disregard Respondents' late-filed response and grant his petition as unopposed. (Doc. 12 at 2.)

## III. DISCUSSION

### A. Respondents' Untimely Submission

As noted above, Respondents filed their response to Petitioner's habeas petition one day late (or 16-hours-late by Petitioner's calculation). This, alone, is unprofessional enough. However, in this case, the Court denied Respondents' motion for an extension of time to file their response. Thus, not only did Respondents miss a deadline, they also defied a Court order without even acknowledging their untimely filing. (Doc. 10)

Under these circumstances, the Court has the discretion to ignore Respondents' filings, find the petition unopposed, and grant Petitioner's petition. See, e.g., Ismael D. v. Noem, No. 26-CV-413, 2026 WL 145987, at *2 (D. Minn. Jan. 20, 2026) ("[B]ecause Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed and therefore grants the Petition."); Jama A.O. v. Bondi, No. 26-CV-420, 2026 WL 185767, at *2 (D. Minn. Jan. 23, 2026) ("Respondents have failed to meet [their] deadline. Therefore, the Petition is unopposed."). Accordingly, the Court can consider the petition unopposed and grant it on that basis. However, while the arguments contained in Respondents' response do not change the Court's decision to grant

the petition, the exhibits Respondents filed do help the Court discuss the issues presented in the petition. Accordingly, the Court will consider Respondents' filings, but not as an accommodation to Respondents. See Jama A.O., 2026 WL 185767, at *2 n.1 (explaining that consideration of Respondents' submissions would not change the court's decision

**B. Habeas Corpus Jurisdiction**

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). District courts have jurisdiction to hear habeas challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases). The Court has jurisdiction to hear this petition, which does not challenge the removal order but instead challenges the revocation of Petitioner's supervised release and the lawfulness of his re-detention. See, e.g., Garrison G. v. Bondi, No. 26-CV-172 (JMB/DJF), 2026 WL 157677, at *2 (D. Minn. Jan. 17, 2026) ("Because Garrison G. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of his current re-detention."); see also Zadvydas, 533

U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal period detention.").

### C. Revocations of Supervision Under 8 C.F.R. § 241.13

An order of supervision under 8 C.F.R. § 241.13 can be revoked, and a noncitizen can be re-detained, under two circumstances: (1) the noncitizen violated any of the conditions of his release, or (2) the government identifies "changed circumstances" that indicate a "significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i) . If release is revoked, the government must notify the noncitizen of the reasons for revocation. § 241.13(i)(3). "The government's failure to follow the regulations set forth in § 241.13 indicates an unlawful detention." Vang v. Bondi, No. 0:26-CV-1381, 2026 WL 458195, at *2 (D. Minn. Feb. 18, 2026) (citations omitted).

### D. Analysis

Petitioner seeks relief on several grounds. However, because the Court finds ICE has violated 8 C.F.R. § 241.13 in re-detaining Petitioner, it does not reach the Petitioner's alternative grounds for relief. See Faysal N. v. Noem, No. 25-CV-04641 (JMB/DLM), 2026 WL 36066, at *3 n.3 (D. Minn. Jan. 6, 2026) (stating that when the court's decision on one of the petitioner's asserted theories for

relief meant that the petitioner's detention was unlawful, the court did not need to reach the petitioner's alternative arguments).

Petitioner argues that his detention is unlawful and that he should be released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations because 1) they failed to provide adequate notice that his Order of Supervision was revoked and 2) their stated reasons for revocation failed to sufficiently demonstrate changed circumstances that render his removal significantly likely in the reasonably foreseeable future. (Pet. ¶ 28; Doc. 12 at 6-7 (citing 8 C.F.R. § 241.13(i)(3)).)

Respondents respond that on December 28, 2025, ICE revoked Petitioner's Order of Supervision. (Docs. 10 at 2; 11 ¶ 12.) Respondents also assert that because Laos has started to resume issuing travel documents, changed circumstances exist that allow them to revoke Petitioner's Order of Supervision. (Doc. 10 at 2.)

**1. Notice of Revocation**

The Court first finds the Notice of Revocation in this case inadequate. The Notice was served on Petitioner at 11:00 a.m. on December 28 <u>at the ICE field office</u>, which was clearly after Petitioner was arrested and taken into custody.

(Gov. Ex. B at 2 (proof of service).) This was no notice, especially when one considers that the document was prepared only eight-and-a-half minutes before it was served. (Id. at 1 (Notice of Revocation of Release electronically signed by Acting Deputy Field Director Michael P. Bottjen on Dec. 28, 2025 at 10:51:25).)

**2. Changed Circumstances**

> In general, a habeas petitioner bears the burden of showing that their detention violates the law. However, courts in this jurisdiction have concluded that 8 C.F.R. § 241.13(i)(2) places the burden on the government to establish that changed circumstances justify a non-citizen's re-detention. . . . As one court has explained, this requirement is consistent with the default rule that the burden falls on the party who "generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion." As it is the government who seeks to change the state of affairs by re-detaining Petitioner, it is the government who bear[s] the burden to establish the changed circumstances that justify re-detention.

Dusan C. v. Bondi, No. 26-CV-00620 (JRT/ECW), 2026 WL 458128, at *4 (D. Minn. Feb. 13, 2026), R&R adopted, 2026 WL 465534 (D. Minn. Feb. 18, 2026) (citations omitted).

In this case, the Notice of Revocation is a form letter stating there "is a significant likelihood of removal in the reasonably foreseeable future in your case" based on "a review of your file and/or your personal interview on account of changed circumstances in your case." (Gov. Ex. B at 1.) However,

Respondents provide no explanation of what the changed circumstances are. Moreover, despite attesting that, five weeks after arresting Petitioner, they obtained a travel document for Petitioner to be repatriated to Laos, Respondents did not submit any travel document into evidence. Accordingly, the Court ignores this statement. It follows that the statement does not support a claim of "changed circumstances." See Vang, 2026 WL 458195, at *3 (travel document obtained approximately 2 months after arrest and detention did not support "changed circumstances" claim).

Similarly, although Respondents state in their brief that a changed situation in Laos around the issuance of travel documents constitutes "changed circumstances" for purposes of § 241.13(i), that is not enough. An after-the-fact explanation to the Court does not constitute an explanation regarding the changed circumstances that justified revoking Petitioner's supervised release two months ago. Petitioner's rights were violated on December 28, 2025 when he was pulled from his car without notice and told his supervised release was being revoked. The apparently pro forma interview conducted without benefit of counsel that took place on the same day does nothing to give the Court confidence in the process and certainly does nothing to cure the already-

identified problems (Gov. Ex. B at 3). See, e.g., id.; Roble v. Bondi, 803 F. Supp. 3d 766, 773 (D. Minn. 2025) (government did not meet burden when it "provided 'scant information' about what 'assistance' it ha[d] requested from ICE headquarters for a third country removal, and it [ ] provided no information about the anticipated outcome of requesting that assistance"); Dusan C., 2026 WL 458128, at *4 (government did not meet burden to establish changed circumstances when it merely stated that Polish Embassy had been contacted regarding travel document and possibility of significant likelihood of removability in foreseeable future) (gathering cases).

### 3. Conclusion

Here, the Court finds that Respondents "detained the petitioner first, and asked questions later. [But] [t]hat's not how it works." Vang, 2026 WL 458195, at *3. Under § 241.13, "it is the government's burden to show a change in circumstance before revoking an order of supervision and detaining a person indefinitely." Id. (emphasis in original). Under these circumstances, release is the proper relief.

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Kao Y.'s Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED as follows**:

    a. Respondents are ordered to immediately arrange for release of Petitioner into Minnesota at a safe time and in a safe place that is communicated at least two (2) hours in advance to Petitioner's counsel;

    b. Respondents are ordered to immediately return all of Petitioner's personal items that were taken from him when he was detained in substantially the same condition as when the items were taken, such as a driver's license, immigration papers, passports, cell phones, and keys; and

    c. Respondents are enjoined from imposing any conditions on Petitioner's release other than the conditions in his preexisting Order of Supervision.

2. Within 48 hours of the date of the filing of this Order, Respondents are ordered to file a status update with the Court reporting on their compliance with this Order.

3. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 26, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court