**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kao Y.,

Petitioner,

v.

Markwayne Mullin, et al.,[1]

Respondents.

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Civil File No. 26-01403 (MJD/DJF)

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Counsel for Petitioner.

David W. Fuller, Trevor Brown, Assistant United States Attorneys, Counsel for Respondents.

---

## I. INTRODUCTION

Before the Court is Petitioner's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"). For the following reasons, the motion is granted.

## II. BACKGROUND

On February 26, 2026, the Court granted Petitioner's petition for writ of habeas corpus and ordered that Petitioner be released from detention. (Doc. 13.)

---

[1] Markwayne Mullin is automatically substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

Petitioner now requests attorney's fees and costs pursuant to the EAJA. The motion is unopposed.

## III. DISCUSSION

The EAJA provides the following:

> Except as otherwise specifically provided by statute, a court shall award to a **prevailing party** other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, **unless the court finds that the position of the United States was substantially justified** or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). "[F]ees and other expenses . . . shall be based upon prevailing market rates" for attorneys' fees, but the statute caps these fees to $125/hour unless the court determines "that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

There is no question that Petitioner was the prevailing party because he was "the party ultimately prevailing when the matter [was] finally set at rest." Lackey v. Stinnie, 604 U.S. 192, 200 (2025).

Petitioner seeks fees for 8.5 hours of his counsel's time. (Doc. 21-1.) He also seeks an upward adjustment to a rate of $500 per hour in light of "the significance of this matter, Respondents' course of conduct both statewide and

specific to Petitioner, and the vital personal liberties at stake in this case." (Doc. 21 ¶ 24.)

The Court finds the number of hours requested reasonable. The Court further finds an upward adjustment in hourly rate to $350 per hour reasonable. Using an hourly fee of $350 x 8.5, the total fee award is $2,975.00. The Court will also award Petitioner $5.00 in costs to cover the filing fee. (Id. ¶ 20.)

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act **[Doc. 18]** is **GRANTED in part**; and

2. Petitioner is awarded $2,975.00 in reasonable attorney's fees and $5.00 in costs under the EAJA, 28 U.S.C. § 2412(d).

Dated: October 15, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court